UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-00500-MWC-JPR                                Date: July 16, 2025

Title   Zahra Qubadi v. Rena Bitter et al.

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:             Attorneys Present for Defendants:
N/A                                           N/A

**Proceedings: (In Chambers) Order DENYING Defendants' motion to dismiss (Dkt. 28)**

Before the Court is a motion to dismiss filed by Defendants Assistant Secretary of U.S. Department of State, Bureau of Consular Affairs, Rena Bitter ("Secretary Bitter"), Deputy Assistant Julie M. Stufft ("Deputy Stufft"), and Deputy Chief of Mission at the U.S. Embassy to Oman, Leslie Ordeman ("Deputy Ordeman") (collectively, "Defendants").  Dkt. # 28 ("*Mot.*").  Plaintiff Zahra Quabadi ("Plaintiff") opposed, Dkt. # 30 ("*Opp.*"), and Defendants replied, Dkt. # 31 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P, 78; L.R. 7-15.  Having considered the papers, the Court **DENIES** Defendants' motion to dismiss.

I.  Background

  A.  Factual Background

This action arises from Plaintiff's claims for declaratory relief and a writ of mandamus seeking an order for Defendants to adjudicate her spouse Mohammad Reza Hosseini's ("Beneficiary") Form I-130 immigrant visa application.  *See* Dkt. # 1 ("*Compl.*").  The complaint alleges as follows:

On March 15, 2022, Plaintiff, a United States Citizen, filed a Form I-130 petition (the "Petition") with U.S. Citizenship and Immigration Services ("USCIS") for Beneficiary, an Iranian national.  *Id.* ¶¶ 1, 12–14.  On March 15, 2023, Plaintiff's Petition for Beneficiary was approved, and on April 5, 2023, the Petition was transferred to the United States Department of State for consular processing.  *Id.* ¶ 15.  Plaintiff and Beneficiary were required to submit varying items including but not limited to form DS-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-00500-MWC-JPR                                                     Date: July 16, 2025

Title        Zahra Qubadi v. Rena Bitter *et al.*

260 Immigrant Visa, civil and financial documents to the National Visa Center Consular Electronic Application Center, which they did in a timely fashion. *Id.* ¶ 16. On June 26, 2023, Plaintiff's visa petition was deemed to be documentarily qualified. *Id.* ¶ 17. On July 19, 2024, Plaintiff's visa petition was transferred from the U.S. Embassy in Abu Dhabi to the U.S. Embassy in Oman (the "Embassy"). *Id.* ¶ 18. On August 22, 2024, Beneficiary was noticed of his consular interview in Oman on October 22, 2024, for which he appeared. *Id.* ¶¶ 19–20. On the same day of his interview, Beneficiary was issued a notice stating:

> A U.S. consular officer refused your visa application pursuant to section 221(g) of the U.S. Immigration and Nationality Act for the reason or reasons selected below. This refusal may be overcome once the missing documentation and/or the administrative processing is concluded:
>
> Your application is subject to administrative processing. Please monitor your email in case additional information is required. We will contact you by email when your processing is completed.

*Id.*, Ex. K.

On multiple occasions since his interview, the Embassy has requested that Beneficiary submit an Administrative Processing Questionnaire (the "Questionnaire"). *Id.* ¶ 22. Yet, despite Beneficiary's efforts to comply, the Embassy repeatedly provided unclear instructions and incorrect links to the Questionnaire, resulting in unnecessary delays in the processing of his case. *Id.* On December 26, 2024, Beneficiary completed the Questionnaire through a link provided to him by the Embassy. *Id.* ¶ 23. On January 6, 2025, Beneficiary submitted a courtesy copy of the Questionnaire to the Embassy through email. *Id.* ¶ 24.

B.    Procedural Background

On January 20, 2025, Plaintiffs filed this action against Defendants (in their official capacity to adjudicate consular filings and visa issuances), asserting the following causes of action: (1) relief under the Mandamus Act, 28 U.S.C. § 1361, to compel Defendants to act; (2) unreasonable delayed adjudication under the Administrative Procedure Act ("APA") § 555(b); and (3) unreasonable delayed adjudication under APA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-00500-MWC-JPR                                                  Date: July 16, 2025

Title   Zahra Qubadi v. Rena Bitter *et al.*

§§ 706(1) and 706(2)(A).  *See Compl.*  Defendants now move to dismiss the action under to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).  *See Mot.*

II.     Legal Standard

   A.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and possess only the power authorized by federal statute and Article III of the United States Constitution.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Thus, federal courts cannot consider claims for which they lack subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).  Rule 12(b)(1) permits a party to assert the defense of "lack of subject-matter jurisdiction" at any time.  *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment.").  A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a facial attack, the challenger asserts that the complaint's allegations are insufficient on their face to invoke federal jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *See id.*

   B.    Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give each defendant "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp*, 550 U.S. at 555; *see Horosny v. Burlington Coat Factory, Inc.*, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).

In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff.  *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The court then determines whether the complaint "allows the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-00500-MWC-JPR | Date: July 16, 2025 |
| Title   Zahra Qubadi v. Rena Bitter *et al.* | |

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id.*  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.    Discussion

    A.    Unlawfully Withheld or Unreasonably Delayed Agency Action

        *i.    Non-Discretionary Duty to Act*

Defendants argue that Plaintiff fails to demonstrate that the consular officer had a non-discretionary duty to act under the APA.[1]  *Mot.* 4:25–6:12.  In furtherance of that argument, Defendants highlight that the Secretary's "the discretion to promulgate regulations governing the process of adjudication necessarily includes a grant of discretion over the pace of adjudication." *Id.* 6:3–7 (quoting *Beshir v. Holder*, 10 F. Supp. 3d 165, 174 (D.D.C. 2014)).  The Court is unpersuaded.

"It is pellucidly clear that there is a nondiscretionary duty to adjudicate completed visa applications." *Nawaz v. Rubio*, No. C24-10983, 2025 WL 1091548, at *3 (C.D. Cal. Mar. 4, 2025) (citing *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997) ("A consular office is required by law to act on visa applications.")).  Such clarity is borne out in both statute, *see* 8 U.S.C. § 1202(d) ("All nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer."), and regulation, *see* 22 C.F.R. § 42.81(a) ("When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa[, or] discontinue granting the visa.").  The pace of that adjudication is not discretionary under the APA, which "imposes a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing

---

[1] Because the standards for challenging agency inaction under the APA and the Mandamus Act are the same, the Court will analyze Plaintiffs' mandamus claim under the APA.  *Cheng v. Baran*, No. 17-cv-2001-RSWL-KS, 2017 WL 3326451, at *8 (C.D. Cal. Aug. 3, 2017); *R.T. Vanderbilt Co. v. Babbitt*, 133 F.3d 1061, 1065 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-00500-MWC-JPR                                                                Date: July 16, 2025

Title   Zahra Qubadi v. Rena Bitter *et al.*

court to 'compel agency action unlawfully withheld or unreasonably delayed,' *id.* § 706(1)." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003). A visa application, duly presented to a consular officer, is "a matter presented to" the agency for the purposes of Subsection 555(b). *See Tareque v. Bitter*, No. C24-535, 2024 WL 3914507, at *4 (C.D. Cal. Aug. 13, 2024); *Mahmood v. Bitter*, No. 2:24-CV-01646-TL, 2025 WL 1529389, at *4 (W.D. Wash. May 29, 2025).

Accordingly, the Court finds that consular officers have a mandatory, non-discretionary duty.

### ii.   *Performance of that Duty*

Defendants forward that—even if there is a duty to act—the duty was satisfied by the visa's refusal under Section 1201(g). *Mot.* 6:13–9:5. According to Defendants, subjecting Beneficiary's application to administrative processing does not negate the fact that the visa application was refused. *Id.* 7:1–8 (citing *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024)).[2] Not so. "'[R]efusals' for further 'administrative processing' have been repeatedly found to not constitute a final adjudication of the visa application." *Durham v. Blinken*, No. CV 24-02868 PSG (MRWX), 2024 WL 3811146, at *5 (C.D. Cal. Aug. 8, 2024) (collecting cases); *see also Zargarian v. Oudkirk*, No. 2:24-CV-02008-DAD-JDP, 2025 WL 1263531, at *5 (E.D. Cal. May 1, 2025) (holding same); *Pars Equal. Ctr. v. Blinken*, No. 24-CV-00001-SI, 2024 WL 4700636, at *12 (N.D. Cal. Nov. 5, 2024) (holding same). The Court finds that characterizing the administrative processing notice as a "refusal" is not a "get-out-of review free card." *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 16 (D.D.C. 2022).

Accordingly, Plaintiff has adequately pleaded that the consular officer has not performed their mandatory, non-discretionary duty. Because Plaintiff has alleged a harm from which this Court can grant "effective relief if it decides the matter on the merits in [their] favor," jurisdiction exists. *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988)

---

[2] As noted by *Ahmed v. Blinken*, 759 F. Supp. 3d 1, 10 n.4 (D.D.C. 2024), "*Karimova* is an unpublished opinion, and 'a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition.'" (internal citations omitted). Moreover, *Karimova* is an out of circuit case that is not binding on this Court. Accordingly, this Court declines to follow *Karimova*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00500-MWC-JPR                                                    Date: July 16, 2025

Title      Zahra Qubadi v. Rena Bitter *et al.*

(internal citations and quotation marks omitted); *see Patel*, 134 F.3d at 931–32 ("[W]hen the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists.").

      B.      Consular Nonreviewability Doctrine

Defendants argue that the doctrine of consular nonreviewability is applicable here. *Mot*. 5:17–7:8; *Reply* 1:13–2:16. Defendants are wrong. The doctrine of consular nonreviewability provides "that the consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review." *Bustamante v. Mukasey*, 531 F.3d 1059, 1061 (9th Cir. 2008) (quoting *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986)). It follows that "the doctrine of consular nonreviewability is not triggered until a consular officer has made a decision with respect to a particular visa application." *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 290 (D.D.C. 2016) (citation omitted).

Here, as Plaintiff clarifies, she is not challenging a consular officer's decision, but rather asking the Court to require Defendants to render a final decision. *Opp.* 7:18–21. Defendants "cannot elevate 'form over substance,' and thus the focus in a consular nonreviewability case must be 'on what is actually happening.'" *Al-Gharawy*, 617 F. Supp. 3d at 16 (quoting *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98 (D.D.C. 2020)). Accordingly, as alleged in the complaint, the doctrine of consular nonreviewability is not triggered as the consular officer has not fully adjudicated Beneficiary's visa application.

      C.      APA Unreasonable Delay: *TRAC* Factors

Defendants argue that Plaintiff fails to plausibly allege that a three-month delay (now eight months) in adjudicating a visa petition is unreasonable. *Mot.* 9:8–13:24.

To determine whether an agency's delay is unreasonable, courts in the Ninth Circuit apply the six-factor test articulated in *Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir. 1984), commonly referred to as the "*TRAC* test." That test considers the following:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-00500-MWC-JPR | Date: July 16, 2025 |
| Title Zahra Qubadi v. Rena Bitter *et al.* | |

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re Pesticide Action Network N. Am., Nat. Res. Def. Council, Inc.*, 798 F.3d 809, 813 (9th Cir. 2015) (citing *TRAC*, 750 F.2d at 79–80).

Because this analysis is fact-intensive, courts routinely decline to resolve the *TRAC* test at the pleading stage. *See, e.g., Durham*, 2024 WL 3811146, at *6 (collecting cases); *Tamjidi v. Blinken*, No. 8:24-CV-00403 HDV JDE, 2024 WL 4328813, at *5 (C.D. Cal. Aug. 27, 2024) (collecting cases). This Court agrees. At this stage, Plaintiff only needs to allege a legally cognizable theory and offer non-conclusory factual allegations sufficient to support that theory. *Moss*, 572 F.3d at 969. Accordingly, the Court finds that it is premature and improper to rule as a matter of law on whether the *TRAC* test is satisfied at this early stage.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

| | : |
|---|---|
| **Initials of Preparer** | TJ |